108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Elizabeth VANN, Plaintiff-Appellant,
v.
CITIBANK, N.A., Defendant-Appellee.
 No. 96-7697.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 Stewart Lee Karlin, New York, NY.
 Joseph Baumgarten, Proskauer Rose Goetz & Mendelsohn LLP, New York, NY.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is VACATED and REMANDED.
 
 
 1
 On January 14, 1992, Elizabeth Vann was fired from her position as a programmer-analyst in the recordkeeping and reporting unit of Citibank, N.A.'s investor services division. She sued Citibank in the United States District Court for the Southern District of New York, alleging 1) discriminatory discharge based on race and 2) retaliatory discharge. Citibank moved for summary judgment. The district court (Wood, J.) granted the motion on May 9, 1996, finding, inter alia, that Vann had not shown that Citibank's stated non-discriminatory reason for her termination was pretextual. Vann appeals from the district court's order.
 
 
 2
 On all issues of claimed material fact addressed in Judge Wood's May 9, 1996 order, we agree for substantially the reasons stated.
 
 
 3
 However, Vann argues that the district court failed to address "the most significant factual issue in the case." Vann contends that she was terminated primarily due to her work on certain computer programs, and that her direct supervisor, John Derksen, failed to tell her of known flaws in one of the programs. She argues that Derksen originally wrote the program in question, was apprised of the operating system's inability to be executed using standard COBOL compilers in 1987, asked another employee to write a memo on the problem, but failed to mention or warn of the problem in an October 1991 memo to Vann setting a completion date for the project. Although this issue is not flagged in the complaint or the depositions, it is fairly raised in the record.
 
 
 4
 Derksen was Vann's direct supervisor; as such, Derksen bore responsibility to his superiors for the success of the project. Vann is thus arguing for the inference that Derksen was sabotaging his own career in order to frustrate Vann's performance of her duties out of racial animus. However, Vann's counsel directs our attention to documents in the record, specifically 1) a memo dated May 28, 1987, by Paul Johnson, explaining the problem with the COBOL compiler; 2) a December 16, 1994 affidavit by Johnson explaining what had occurred in 1987; and a November 12, 1991 memo to Vann from Derksen, questioning Vann's inability to complete the project.
 
 
 5
 The import of these documents and the nature and materiality of any fact raised by them are issues that the district court should have an opportunity to address. We therefore vacate the judgment of the district court and remand for consideration of that issue and whether it creates a material issue of fact.